**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | | |
|---|---|---|
| REGINA JOHNSON, | : | |
| Claimant, | : | |
| v. | : | CASE NO. 3:07-CV-46 (CDL) |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | : : : | |
| Defendant. | : | SOCIAL SECURITY APPEAL |

## **REPORT AND RECOMMENDATION**

The Social Security Commissioner, by adoption of the Administrative Law Judge's determination, denied Claimant's application for social security disability benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error, and he seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## **LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420,

28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, reweigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.* The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 et seq.

Under the regulations, the Commissioner determines if a claimant is disabled by a

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986).

five-step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ADMINISTRATIVE PROCEEDINGS

Claimant protectively filed her application for a period of disability, disability insurance benefits (DIB), and Supplemental Security Income (SSI) on May 27, 2003. (T-34). Her application for benefits was denied initially and upon reconsideration. *Id.* Claimant then requested a hearing which was held as a video teleconference hearing on August 10, 2005. (T-34). The ALJ denied Claimant's application on January 25, 2006. (T-31-41). Claimant then requested review of the ALJ's decision by the Appeals Council. Thereafter, on March 12, 2007, the Council issued an order denying review, making it the final decision

of the Commissioner. (T- 5-8).

## DISCUSSION

In his decision, the ALJ found that Claimant had degenerative disc disease of the cervical spine, mild to moderate joint disease of the hips, a back impairment and a history of migraines. (T-36-37). After reviewing the medical evidence, the ALJ then found that Claimant's severe impairments, either alone or in combination with his other impairments, did not meet or equal any of the relevant Listings. (T-37-38). The ALJ then found that Claimant retained the residual functional capacity to perform work at the sedentary exertional level. (T- 39-40).

In the sole issue for determination, Claimant contends that the ALJ failed to evaluate the side effects of her medications. (R-9, p. 5-6). Specifically, the Claimant contends that the ALJ was required to make a finding as to the effects of Claimant's medication on her ability to work and that his failure to do so constitutes reversible error. *Id.* In her brief, Claimant contends that the ALJ was required to make such findings because Claimant mentioned the side effects of her medication "a number of times" at the administrative hearing. (R-9, p. 6).

Claimant does not argue that there is any indication in her medical records that she was experiencing side effects from her medication for any continuous twelve month period during her alleged period of disability. However, the law is clear in this circuit that "[n]o symptom or combination of symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and

4

laboratory findings demonstrating the existence of a medically determinable physical or mental impairment that could reasonably be expected to produce the symptoms." SSR 96-7p., *See also Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991). Furthermore, the burden is upon plaintiff to introduce into the record such medical documentation. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973).[2] Claimant fails to cite to any evidence in the medical record that shows she consistently complained of side effects from her medication or that her alleged side effects interfered with her ability to work for any consecutive period as required by 20 C.F.R §§ 404.1505(a), 404.1509, 416.905(a), and 416.909. *See also Barnhart v. Walton*, 535 U.S. 212, 217 (2002) (holding that a claimant's impairments and inability to work must last for a continuous period of at least twelve months).

## CONCLUSION

In reviewing the record, no evidence of error is found to substantiate the Plaintiff's contention that the ALJ failed to properly evaluate the evidence of record. This Court finds that the decision of the ALJ is supported by substantial evidence. Furthermore, the record fails to reveal evidence of the ALJ acting outside of his judicial role in making the required determinations.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this

---

[2] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this recommendation.

THIS the 21st day of May, 2008.

                                        S/ G. MALLON FAIRCLOTH
                                        UNITED STATES MAGISTRATE JUDGE

mZc